The Opinion and Order below is hereby signed.

Dated: June 1, 2005.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAMELA HAWTHORNE, | ) | Case No. 04-00853 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

OPINION AND ORDER REQUIRING
RE-SERVICE OF OBJECTION TO CLAIM

The debtor has filed an objection to the proof of claim filed by Sherman Acquisition LP dba Resurgent Acquisition in the amount of $1,506.46. The creditor's proof of claim, after listing the creditor's name, indicated in the box for "Name and address where notices should be sent" the following:

    Resurgent Capital Services
    P.O. Box 10587
    Greenville, SC 29603-0587

The debtor mailed the objection to the proof of claim, and LBR 3007-1 notice of opportunity to oppose the objection, on:

>   Sherman Acquisition, LP
>   dba Resurgent Acquisition
>   P.O. Box 10587
>   Greenville, SC 29603-0587

The creditor has not filed a timely opposition.

The proof of claim identifies as the "prior creditor" Triad (alternate name: Triad/HFN SWB Banko Bulk Sale), and identifies the account as for a Mastercard product. The debtor's objection was not accompanied by an affidavit setting forth non-conclusory evidence to show that she does not owe this debt.

I

The court concludes that mailing as required by Rule 3007 would have constituted proper service (with service in the manner provided for service of a summons and complaint under Rule 7004 not being required), but that the debtor's mailing of the objection did not comply with Rule 3007.

A.

Rule 3007 provides in relevant part that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing." Nevertheless, an objection to a proof of claim and various other objections under the Rules

2

constitute contested matters.  Rule 9014 provides in relevant part:

> **(a) Motion.**  In a *contested matter* in a case under the Code *not otherwise governed by these rules*, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion.
> **(b) Service.**  The *motion* shall be served in the manner provided for service of a summons and complaint by Rule 7004.  Any paper served after the *motion* shall be served in the manner provided by Rule 5(b) F.R.Civ.P.

[Italics added.][1]  For reasons developed below, the court concludes that the first sentence of Rule 9014(b) does not apply to a contested matter commenced by an *objection* when the rule governing that objection sets forth the required manner of service of the objection.

The contested matters the court has found that are not commenced by a motion are objections to:

a claim (Rule 3007),

confirmation of a chapter 13 plan (Rule 3015(f)),

a disclosure statement (Rule 3017(a)),

---

[1] Prior to its amendment in 2002, Rule 9014 was a single paragraph.  The 2002 amendment, as relevant here, broke Rule 9014 into subparagraphs and added the second sentence to Rule 9014(b).  However, the Advisory Committee Notes to the 2002 amendment do not indicate an intention to make the "not otherwise governed" language in subparagraph (a) inapplicable to subparagraph (b).

3

    confirmation of a chapter 11 plan (Rule 3020(b)),

    exemptions (Rule 4003(b)),

    notice of a proposed use, sale, or lease of property (Rule 6004(b)), and

    notice of a proposed abandonment or disposition of property (Rule 6007(a)).

Rules 3007 and 4003(b) are the only objections for which the

applicable rule specifies the manner of service.²

Rule 3007, as already noted, requires that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant."  Although Rule

---

² Rules 3015(f), 3017(a), 3020(b), Rule 6004(b), and 6007(a) do not specify the manner of service on the entities required to be served under those rules, and borrowing the manner of service rules in F.R. Bankr. P. 7004 or F.R. Civ. P. 5 makes sense.  As a practical matter, the issue of the proper manner of service almost never arises under these rules.  The notice of opportunity to object to the plan, disclosure statement, or proposed action will usually specify the entities to whom the objection is to be mailed.
    Moreover, mailing the objection to the attorney (or *pro se* party) who signed the paper being objected to, at the address listed on the paper (and to any trustee or creditor committee members at their addresses of record) ought to constitute valid service by way of borrowing the mailing-to-attorney manner of service authorized by either F.R. Civ. P. 5(b) or F.R. Bankr. P. 7004(b)(8) in analogous circumstances.

    Finally, the paper objected to has usually already been set for a hearing.  Once objected to, no order issues, and the matter remains on, or is placed on, the court's hearing calendar.  At the hearing, questions about the manner of service are usually rendered moot because the parties proceed to the substantive matter set for hearing.  In any event, in the rare instance in which the propriety of service is questioned, the court has broad discretion to enlarge the time for the objection to be served properly and to continue the hearing if any questionable service caught a party off guard. This court's research discovered only two decisions addressing the issue of proper service under these rules.  See In Re Thompson, 4 B.R. 700 (Bankr. E. D. Penn. 1980) (applying predecessor to Rule 3015(f) and holding that Rule 7004 service was required); Beard v. United States Trustee, 188 B.R. 220, 222-23 (W.D. La. 1995), aff'd, 84 F.3d 431 (5th Cir. 1996) (applying Rule 3015(f) and assuming that Rule 7004 service was required).  In both cases, the court allowed the defective service to be cured.

3007 does not use the term "serve," plainly the mailing it requires is a form of service.  Similarly, Rule 4003(b) specifies that the objection to exemptions must be "delivered or mailed to the trustee, the person filing the list [meaning the debtor or a dependent of the debtor, as the case may be], and the attorney for that person," again a form of service.

Rule 3007, as the specific rule dealing with objections to claims, controls service of such an objection, not Rule 9014(b).  Jorgenson v. State Line Hotel, Inc. (In te State Line Hotel, Inc.), 2005 WL 857471 (9th Cir. BAP Mar. 29, 2005); In re Hejl, 85 B.R. 399 (W.D. Tex. 1988).[3]  Similarly, Rule 4003(b)'s rule regarding serving an objection to exemptions, as the more specific rule, ought to trump Rule 9014(b)'s rule regarding serving a *motion* commencing a contested matter.[4]  If Rule 9014(b) controlled service of an

---

[3] But see Boykin v. Marriott International, Inc. (In re Boykin), 246 B .R. 825 (Bankr. E.D. Va. 2000); In re Schweitzer, 145 B.R. 292 (Bankr. E.D. Ark. 1992); United States v. Oxylance Corp., 115 B.R. 380 (N.D. Ga. 1990); In re Morrell, 69 B.R. 147 (N.D. Cal. 1986).  Most of these decisions involve service on the United States or an agency thereof, a creditor who traditionally enjoys the benefit of special service requirements.

[4] Usually requiring service under Rule 7004 would not add anything not already accomplished by mailing or delivery under Rule 4003(b), but not always.  For example, if a dependent of the debtor files an exemption claim without an attorney, and lists as his or her address an address that is not his or her "dwelling house or usual place of abode or . . . the place

objection, there would be no need to require mailing of an objection to claim under Rule 3007 or to require mailing or delivery under Rule 4003 in the case of an objection to exemptions.  If the first sentence of Rule 9014(b) were intended to apply to objections to claims (or objections to exemptions), the sentence could have readily referred to "the paper commencing a contested matter" instead of to "the motion."[5]  Moreover, as next discussed, the nature and practicalities of the claims process demonstrate that the rule-makers did not intend to require service of an objection

---

where the individual regularly conducts a business or profession" (within the meaning of that language in Rule 7004(b)(1)), mailing the objection to the listed address would not satisfy Rule 7004.  However, the address listed on the claim of exemption ought to control as it implicitly gives notice of the address to be used for any service of papers relating to the claim, and consents to use of that address. Cf. F.R. Civ. P. 5.

[5]  An argument in favor of interpreting "motion" in the first sentence of Rule 9014(b) as extending to objections to claims is that the second sentence of Rule 9014 also uses "motion" in mandating the manner of service of papers filed after the commencement of a contested matter, and that this second sentence obviously applies to all contested matters. However, Rules 3007 and 4003 do not purport to address service of papers after service of the objection, and thus do not override Rule 9014(b)'s second sentence regarding service of papers once the contested matter has commenced.  If that second sentence applies to contested matters commenced by motion, there is no reason to believe that a different rule would apply in the case of a contested matter commenced by an objection.

7

to claim under Rule 7004.

First, the nature of the claims process shows that service under Rule 7004 was not intended.  When a creditor files a proof of claim, it is analogous to a complaint, subjecting the creditor to the jurisdiction of the court to adjudicate the validity of its claim.  <u>Kline v. Zueblin, AG (In re American Export Group Int'l Servs., Inc.)</u>, 167 B.R. 311, 313-15 (Bankr. D.D.C. 1994).  "Every person submitting himself to the jurisdiction of the bankrupt[cy] court in the progress of the cause, for the purpose of having his rights in the estate determined, makes himself a party to the suit." <u>Wiswall v. Campbell</u>, 93 U.S. 347, 351, 23 L.Ed. 923 (1876). The creditor is already before the court, in other words, and has an implicit obligation to keep the trustee and the court informed of any change in address.  However, the claim is allowed unless objected to, and as a matter of due process, the creditor is entitled to notice when an objection is filed to its claim.  When the court has already acquired jurisdiction over the creditor's person by way of its filing a proof of claim, due process is satisfied by mailing the objection and notice to the name and address specified on the proof of claim for the receipt of notices in the case.

Second, requiring service under Rule 7004 would subject the estate to considerable uncertainty and expense in contrast to permitting notice under Rule 3007 to suffice.  Consider for example a case in which scores of individuals file proofs of claim, and the trustee objects to several of their claims. The trustee mails each objection to the name and address the proof of claim designates for receiving notices in the case. If Rule 7004 controlled service, the trustee would have to make service in each instance to an address that is the creditor's "dwelling house or usual place of abode or . . . the place where the individual regularly conducts a business or profession" as required by Rule 7004(b)(1) for service by mail to be effective.  There is no way the trustee can readily ascertain--at least not without a significant expenditure of estate funds--that service under Rule 3007 would satisfy Rule 7004(b)(1).  Moreover, if an individual moved and filed no change of address with the court or the postal service, Rule 7004 would require the trustee to incur the expense of making service by publication on that individual, already before the court, who is at fault for having failed to keep the trustee and the court apprised of his location.  These practicalities demonstrate that mailing as required by Rule 3007 was intended to constitute the required service.

While this court continues to require service of an objection to claim under Rule 7004 when the claimant is the United States or an agency thereof, it does so under LBR 3007-1 in recognition of the government's unique structure for processing litigation.  When there is no special need for Rule 7004 service, the court utilizes LBR 9029-1 to not require such service under LBR 3007-1.  Here, the creditor is a private entity and has no need for special service under Rule 7004.

B.

Nevertheless, the court concludes that service was not properly made in this case.  The creditor indicated that notices relating to its claim should be sent to Resurgent Capital Services.  The debtor mailed the notice to the creditor itself, instead of Resurgent Capital Services.  Although the debtor mailed the notice to the same address as the address for Resurgent Capital Services, the creditor specifically asked that notices be sent to Resurgent Capital Services.  To obtain the benefits of service by mail under Rule 3007, the party filing an objection ought to scrupulously comply with the creditor's specific instructions regarding how

notice is to be sent.[6]

## II

The debtor's objection is that she does not owe this creditor any money. However, she has filed no affidavit to rebut the prima facie validity of the proof of claim under F.R. Bankr. P. 3001(f). If the debtor anticipates that the creditor will not file a response to a re-served objection to claim, she should give consideration to filing an affidavit with the objection to rebut the prima facie validity of the proof of claim, so that the objection can be promptly sustained, and an evidentiary trial avoided.

## III

It is accordingly

ORDERED that within 28 days after entry of this order, the debtor shall file a certificate of renewed service of her objection to claim, failing which the court will dismiss the objection to claim without prejudice to renewal of the objection at a later date. It is further

ORDERED that if the debtor re-serves the objection to claim, the debtor should consider including an affidavit presenting evidence to rebut the prima facie validity of the

---

[6] The failure to send the notice to the specified entity here may have caused the notice not to be routed to the office that handles objections to claims.

11

creditor's proof of claim.  The evidence should address in non-conclusory terms the basis for the debtor's claiming not to owe any debt to  Sherman Acquisition LP dba Resurgent Acquisition on account of a MasterCard account with Triad.

                              [Signed and dated above.]

Copies to: Debtor's Attorney; Debtor; Cynthia A. Niklas; the Office of U.S. Trustee; and Resurgent Capital Services, P.O. Box 10587, Greenville, SC 29603-0587.